# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | * |
| CANDACE M. BERLIN, | * |
| | *   No. 17-230V |
| Petitioner, | *   Special Master Christian J. Moran |
| | * |
| v. | *   Filed: September 26, 2018 |
| | * |
| SECRETARY OF HEALTH | *   Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * * * * * * | * |

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for Petitioner;
Traci R. Patton, U.S. Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Candace Berlin brought a successful petition for compensation under the National Childhood Vaccine Compensation Program. She now sees an award for attorneys' fees and costs. She is awarded $17,404.04.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

\* \* \*

Represented by Ms. Nancy Meyers, Ms. Berlin filed her petition for compensation on February 17, 2017. Ms. Berlin alleged that the influenza ("flu") vaccine that she received on September 10, 2015, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer injuries, including left shoulder myositis. The parties were able to informally resolve the case, agreeing to a joint stipulation on award of compensation that was then adopted. Decision, issued August 8, 2018.

On August 16, 2018, petitioner moved for reimbursement of attorneys' fees and costs, requesting a total of $18,755.44 (representing $17,616.80 in attorneys' fees and $1,138.64 in attorneys' costs). Petitioner's Application for Attorneys' Fees and Costs ("Fees App.") at 1. Pursuant to General Order No. 9, petitioner warrants that has not personally incurred any fees or costs related to the prosecution of her petition. Fees App. Ex. 2 at 2.

On August 20, 2018, respondent filed his response to the petitioner's motion. In his response, respondent did not object to petitioner's request. Resp't's Resp. at 2. Instead, the respondent stated that he is "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met" and recommended that the undersigned exercise his discretion in determining "a reasonable award for attorneys' fees and costs." Id. at 2-3. On the same day, petitioner filed a reply concurring with respondent and asking that the undersigned use exercise his discretion and determine a reasonable award for fees and costs. Reply at 1.

This matter is now ripe for adjudication.

\* \* \*

Because Ms. Berlin received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Thus, the question at bar is whether Ms. Berlin's requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court

2

may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

A.   Reasonable Hourly Rate

Ms. Berlin requests that her attorney, Ms. Nancy Meyers, be compensated $350 per hour for work performed in 2016-2017, and $375 per hour for work performed in 2018. Fees App. at 1. Ms. Berlin also requests that paralegals who performed work on this case be compensated at a rate of $145 per hour for all work performed. Id. As these rates are all in accordance with what the undersigned and other special masters have previously awarded to Ms. Meyers, I find them reasonable and will award them in full. See Drake v. Sec'y of Health & Human Servs., No. 16-732V, 2018 WL 4391065, at *2 (Fed. Cl. Spec. Mstr. Aug. 20, 2018).

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

To facilitate the process of evaluating the reasonableness of an attorney's activities, in November 2004, the Office of Special Masters issued revised Guidelines for attorneys. The Guidelines state "counsel are advised to maintain detailed contemporaneous records of time and funds expended under the Program." Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program (Rev. Nov. 2004) at § XIV. Detailed (or stated another way, non-vague) contemporaneous records are the petitioner's responsibility and allow the Office of Special Masters to determine the reasonableness of attorneys' fees requests. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit

effective review of the fees is in accord with cases from the Federal Circuit and the Supreme Court).

Upon review of the submitted billing statement, the undersigned finds it reasonable to reduce Petitioner's fees award due to the excessive amount of administrative work billed and the block billing from the paralegal assigned to this case. A total of 2.12 hours were billed by the paralegal for administrative tasks such as scanning documents, making copies, paying invoices, and mailing documents.[2] Fees App. Ex. 1 at 17-24. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379,387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services . . . should be considered as normal overhead office costs included within the attorney's fee rates"). This results in a reduction of $307.40.

Additionally, several of the paralegals billing entries present a textbook example of block billing. One entry of 5.1 hours, on March 12, 2018, reads in full:

> Receipt of email from NRM re-Berlin Status report/records. Replied to same, reply from same. Call to Bond Clinic re- medical records for Berlin. Was told I would be called back. Email to NRM updating heron status of records. Call back from Bond clinic, stating that they would be able to email them to me. Sent test email to Bond clinic. Receipt of email from associate at Bond clinic (berlin) with test encrypted email. Created login and replied back to test email. Additional email to bond clinic, following-up on the record request. Reply from MR associate, stating that she could only send the pages 30 at a time. Replied to same. Email from NRM, requesting an update on the status of the records, replied to same. Receipt of 22 emails from the MR associate at Bond Clinic (berlin) with medical records attached. Saved the records and prepared them for filing. Records attachment was too large, so was forced to separate them into eight parts. Filed with the Court. Prepared Berlin Status report and emailed

---

[2] Examples of these entries include, but are not limited to: 1/09/2017: Prepared payment to CIOX Health for the Watson Clinic records; 2/17/2017: Filing of Petition, Cover Sheet, and Exhibit List with US Court of Federal Claims; 2/22/2017: Filing of Statement of Completion with Court; 7/24/2018: Mailed signed stipulation to Respondent via US mail. Fees App. Ex. 1 at 17-24.

>to NRM for her review. Receipt of email from NRM, asking me to
>exit the status report doc so that she could revise it before filing.

Fees App. Ex. 1 at 22. Beyond the fact that several of these tasks are administrative in nature and are thus not compensable, entries like this make it impossible for the undersigned to determine how much time the paralegal spent on each task and whether the amount of time spent on those tasks was reasonable. Similar examples of block billing occurred on August 2, 2017, January 9, 2018, February 9, 2018, and March 13, 2018. Id. at 21-24.

      Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. Broekelschen v. Sec'y of Health & Human Servs., 07–137V, 2008 WL 5456319 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing petitioner's attorneys' fees for block billing), mot. for rev. denied, 102 Fed. Cl. 719 (2011); see also Jeffries v. Sec'y of Health & Human Servs., 99–670V, 2006 WL 3903710 (Fed Cl. Spec. Mstr. Dec. 15, 2006). The undersigned finds it appropriate to cut all of these entries by 50%, resulting in a reduction of 5.9 hours and a monetary reduction of $855.50.

      Finally, there are a handful of entries which simply state that the paralegal was copied on e-mails between Ms. Meyers and Petitioner. For example, on February 5, 2018, the billing entry reads "Copied on email from NRM to Traci Patton re- settlement. Reply from Candace to NRM. Reply from NRM to Candace. Reply from Traci to NRM. NRM replied to same." Fees App. Ex. 1 at 21. Beyond merely being copied on e-mails being drafted by others, it is difficult to ascertain what value the paralegal added on this matter to warrant billing for it, or how this is simply not duplicative billing.[3] Similar entries can be found on 12/07/2017, 3/08/2018, 3/18/2018, and 3/19/2018. The undersigned will not compensate Petitioner for these entries, resulting in a reduction of $188.50.

      Accordingly, in light of the aforementioned reductions, Petitioner is entitled to compensation for attorneys' fees in the amount of **$16,265.40**.

---

[3] Ms. Meyers' billing records indicate that she billed time on February 7 and 8 in 2018 exchanging e-mails with respondent's counsel and Petitioner regarding settlement. Fees App. Ex. 1 at 13. Thus, although the dates are not identical, the undersigned can infer that these billing entries reflect the same e-mails.

C.   Costs Incurred by Ward Black Law

The fees application also asks for reimbursement in the amount of $1,138.64 in for costs incurred by Ward Black Law. Fees App. at 1. Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

Upon review, I find these requested costs to all be reasonable. These costs, in totality, are $736.80 for medical records, $1.84 for postage, and $400.00 for the filing fee. Fees App. Ex. 1 at 2. These are all routine costs in Vaccine Program cases, and Petitioner has provided adequate documentation of these costs. Accordingly, I will compensate Petitioner in full for all requested costs.

D.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$17,404.04** (representing $16,265.40 in attorneys' fees and $1,138.64 in costs) as a lump sum in the form of a check jointly payable to petitioner and her counsel, Ms. Nancy Meyers, Esq.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.